UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS ROBERT SHAFFER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Cause No. 1:21-CV-275-HAB |
| THOMAS J. FELTS, et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff believes that he was cheated out of his property in a state court foreclosure action. Rather than present his issues to Indiana's appellate courts, Plaintiff has brought two lawsuits seeking to overturn the foreclosure in this Court. The Court lacked jurisdiction over the first and has no more jurisdiction now.

**I.  Factual and Procedural Background**

What follows are the facts alleged in Plaintiff's Amended Complaint. Plaintiff was the owner of property located at 1815 Wells Street in Fort Wayne, Indiana. In May 2019, Defendant ProFed Credit Union filed a foreclosure action against the property. Plaintiff alleges that the foreclosure action "overwhelming bias [sic]" against him. (ECF No. 4 at 2). He alleges that the presiding judge, Hon. Thomas J Felts, conspired with ProFed's attorney, Joshua Burkhardt[1], by, among other things:

- assisting Pro-Fed's efforts to withhold evidence;

- failing to honor a power of attorney given to Plaintiff by his father;

---

[1] Plaintiff has incorrectly identified Attorney Burkhardt as "Joshua Brookhardt."

- failing to investigate alleged fraud committed by a company owned by Plaintiff's mother; and

- filing false reports with Fort Wayne Neighborhood Code.

(*Id*. at 3–4).

As one might expect, Plaintiff failed to prevent the foreclosure. The property was sold at sheriff's sale to Defendants Brad Pepple and Ebenezer Properties.

Less than a month after the state proceedings concluded, Plaintiff filed his first suit here. *See Shaffer v. Professional Federal Credit Union, et al.*, Cause No. 1:20-CV-327-WCL. That suit, like this one, alleged wrongdoing in the foreclosure action. Because Plaintiff sought to file that suit without paying the filing fee, his complaint was subject to screening under 28 U.S.C. § 1915A. Judge Lee concluded that he lacked subject matter jurisdiction to review a state court judgment under the *Rooker-Feldman* doctrine and dismissed the case. Plaintiff's appeal of that decision was dismissed for failure to pay the appellate filing fee.

After a brief detour back to state court, Plaintiff sued. Defendants ProFed, Burkhardt, Pepple, and Ebenezer Properties now move to dismiss the complaint under the same grounds found by Judge Lee. Plaintiff has responded, making the motion ripe for ruling.

**II.     Legal Analysis**

Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are de facto appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923); *Sykes v. Cook Cty. Cir. Ct. Prob. Div*., 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ*., 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine is jurisdictional, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000).

The *Rooker-Feldman* doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state-court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." (*Id.*) (quoting *Taylor*, 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014). Here, because Plaintiff asks the Court to overturn the state-court's judgment, "an action [it] ha[s] no jurisdiction to take," *Mains v. Citibank, N.A.*, 852 F.3d 669, 674–75 (7th Cir. 2017), *Rooker-Feldman* bars all Plaintiff's claims.

The relief requested by Plaintiff shows the applicability of *Rooker-Feldman*. Plaintiff asks the Court to order Defendants to "return this property to the rightfull [sic] owner" (presumably Plaintiff) or "pay the recorded lein [sic] of [$] 95,618." (ECF No. 4 at 6). All requested relief directly implicates the state-court foreclosure action, falling under the *Rooker-Feldman* doctrine.

3

These requests establish that Plaintiff has no injury beyond the foreclosure. The Court cannot consider these requests for declaratory and financial relief because it lacks jurisdiction to do so.

That Plaintiff has invoked 42 U.S.C. §§ 1983 and 1985 does not change the analysis. "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Additionally, "[t]he reason a litigant gives for contesting the state-court's decision cannot endow a federal district court with authority . . ." *Iqbal v. Patel*, 780 F.3d 728, 730–731 (7th Cir. 2015). Plaintiff's alleged constitutional injuries flow from the state court's orders and rulings in the mortgage foreclosure. Reviewing these orders to consider whether they violated the Plaintiff's constitutional rights is barred by the *Rooker-Feldman* doctrine. "[C]onstitutional claims that are 'inextricably intertwined' with the state-court judgments of necessity call upon the district court to review the state-court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996)).

The Plaintiff's claims of civil conspiracy under 42 U.S.C. § 1985, in which Plaintiff alleges that Judge Felts and Attorney Burkhardt conspired with the other Defendants, are also barred under *Rooker-Feldman*. A plaintiff cannot overcome *Rooker-Feldman* merely by incanting the word "conspiracy," but must claim that the defendants "so far succeeded in corrupting the state judicial process to obtain a favorable judgment." *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Judges may "side" with one side in litigation when ruling against the other, but this does not suggest corruption or conspiracy as it derives from the judicial process. *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone cannot show judicial bias); *Marozsan v. United States*, 90 F.3d 1284, 1290

(7th Cir. 1996); *Pearce v. Sullivan*, 871 F.2d 61, 63 (7th Cir. 1989). The sole basis for Plaintiff's conspiracy reaches no further than the state court's adverse rulings – not from a dishonest judicial proceeding. *Frierson-Harris v. Kall*, 198 F. App'x 529, 530 (7th Cir. 2006) (noting that such complaints are allegations of adverse rulings, not of any corruption that produced them). Thus, Plaintiff's claims are inextricably intertwined with the state-court judgment and this Court lacks jurisdiction.

Finally, the Court "must then determine whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal quotation marks omitted). In the context of *Rooker-Feldman*, "factors independent of the actions of the opposing parties" may preclude a reasonable opportunity and claims are not barred if the state court inhibited adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)). Plaintiff has not alleged such barriers in the foreclosure action. Plaintiff does cite various times when he failed in state court, such as when Judge Felts failed to compel discovery. But he does not allege that he was barred from raising his claims. Indeed, the motion to dismiss details several filings made by Plaintiff in the foreclosure action raising many allegations he raises here. The state court did not bar Plaintiff's claims. Rather, Plaintiff failed on those claims. An adverse ruling in a state action does not, by itself, suggest that there was an insurmountable objection to adjudication. Plaintiff is simply a state-court loser over whose claims this Court lacks jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 284. Plaintiff got a chance to raise these issues in his mortgage foreclosure proceedings and lost. This Court may not review the outcome of that opportunity.

Plaintiff does not cogently address *Rooker-Feldman* in his response. Plaintiff appears to argue that Defendants waived the argument by failing to timely raise it. (ECF No. 12 at 1). This is wrong; defects in subject-matter jurisdiction may not be waived or forfeited. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004).

Substantively, Plaintiff claims that "[t]he Allen Circuit Court is not a judicial court, and Thomas J. Felts is a commissioner, not a judge." Again, this is wrong. The Indiana Constitution expressly provides for the formation of circuit courts. *See* Ind. Const. Art 7, § 1. Judicial officers presiding over circuit courts are constitutional judges. *State ex rel. Youngblood v. Warrick Cir. Court of Warrick Cty.*, 196 N.E. 254, 258 (Ind. 1935). The foreclosure judgment was a judgment of a constitutionally established court made by a constitutionally recognized judge. It cannot be challenged here.

### III.  Conclusion

For these reasons, Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8) is GRANTED. This matter is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED on September 28, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT