UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS ROBERT SHAFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-275-HAB |
| ) | |
| THOMAS J. FELTS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This Court has no jurisdiction to set aside a state-court foreclosure judgment. It has told Plaintiff this twice. Undeterred, Plaintiff has asked this Court to reconsider its most recent admonition. (ECF No. 16).

The Court construes Plaintiff's motion as a motion to correct errors. Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

The sole basis for Plaintiff's reconsideration request is his assertion that there is an "exception to the *Rooker-Felman Doctrine* [for] Fraud [sic]." (ECF No. 16 at 1) (original

emphasis). In support of his position, Plaintiff relies upon *Strasen v. Strasen*, 897 F. Supp. 1179 (E.D. Wisc. 1995). There, the plaintiff brought a federal court action claiming that her ex-husband concealed assets, committed perjury, and misrepresented his financial dealing and holding during their divorce proceedings. The district court raised the *Rooker-Feldman* issue *sua sponte*. *Id*. at 1182. Judge Warren found *Rooker-Feldman* inapplicable, holding "[t]he plaintiff's claims relate to the process leading to the procurement of the state court judgment. Unlike a prototypical *Rooker–Feldman* case where the injury complained of was *caused by* the state court judgment, here the injury complained of was caused by the conduct of the defendants." *Id*. at 1183 (original emphasis).

Ignoring, for a moment, that this argument could and should have been advanced in Plaintiff's prior filings, the Court does not find *Strasen* controlling.

> The *Rooker–Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene. The reason a litigant gives for contesting the state court's decision cannot endow a federal district court with authority; that's what it means to say that the *Rooker–Feldman* doctrine is jurisdictional.

*Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015) (original emphasis). *Iqbal* teaches, then, that simply invoking the word "fraud" does not grant a district court jurisdiction to set aside a state-court order.

That said, Plaintiff is correct that *Rooker-Feldman* "does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment." *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014). The problem is, that's not what Plaintiff seeks. Plaintiff seeks "relief in [the] form of property being returned or to have the recorded lien satisfied." (ECF No. 4 at 7). These are not

requests for damages; these are requests to overturn the foreclosure judgment. As such, Plaintiff's claims are barred by *Rooker-Feldman*.

For these reasons, Plaintiff's Motion to Reconsider and Request for Hearing (ECF No. 16) is DENIED.

SO ORDERED on October 14, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT